**FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000603
05-MAR-2025
09:27 AM
Dkt. 155 OCOR**

NO. CAAP-20-0000603

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID KIMO FRANKEL, Plaintiff-Appellant, v.
BOARD OF LAND AND NATURAL RESOURCES, DEPARTMENT OF LAND AND
NATURAL RESOURCES AND RESORTTRUST HAWAII LLC,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC181001959)

ORDER OF CORRECTION
(By: McCullen, J.)

IT IS ORDERED that the Opinion entered on January 29, 2025 (docket no. 153) in the above case is corrected as follows:

On page 5, second full paragraph, line 4, change the comma (,) to a semicolon (;) so that the beginning of line 4 is corrected to read, "facilities; and (5) roof overhang."

On page 13, subsection (b), Resorttrust is misspelled. Subsection (b) should be corrected to read, **"Board's and Resorttrust's Motions for Summary Judgment"**.

On page 18, first full paragraph, line 1, partial is misspelled. The sentence should be corrected to read, "The circuit court denied Frankel's motion for partial summary judgment reasoning that the public trust doctrine did not apply to Lot 41 and even if it did, whether an agency violated the public trust doctrine was fact-based:".

On page 22, first full paragraph, last line, a single quotation mark needs to be inserted so as corrected, the last line reads, "public.'" Id. at 177, 449 P.3d at 1175."

On page 44, first full block quotation, the single quotation marks need to be replaced with quotation marks and quotation marks need to be inserted before "would" and at the end of the sentence, so as corrected, the block quote should read,

> If the agency knew that it could always "supplement" or "create" the administrative record in the reviewing court, then the agency "would have little incentive to prepare an adequate and reviewable administrative record, despite the clear mandate of [the National Environmental Policy Act (**NEPA**)] and HEPA that the agency prepare the required record before deciding upon a particular course of conduct."

On page 45, lines 18 and 23, the pin cite for 449 P.3d should be 1177 not 1777, the corrected case cites should read, "See Ching, 145 Hawaiʻi at 152, 179, 180, 449 P.3d at 1150, 1177,

1178." and "See id., at 152, 179, 180, 449 P.3d at 1150, 1177, 1178;".

On page 47, first full paragraph, line 2, the hyphen should be removed from "decision-making" so as corrected, the sentence should read, "Finally, an agency does not get a do-over of its decisionmaking process on appellate review or in a declaratory action."

On page 55, first line, volume number 167 should be replaced with volume number 9 so as corrected, the case cite should read, "Waiāhole I, 94 Hawaiʻi at 142, 158, 9 P.3d at 454, 470;".

The Clerk of the Court is directed to take all necessary steps to notify the publishing agencies of this change.

DATED:  Honolulu, Hawaiʻi, March 5, 2025.

/s/ Sonja M.P. McCullen
Associate Judge